

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

Overruled by _ WW-25__

August 19, 1957

Hon. James A. Giddings          Opinion No. WW-221
State Hospital Board
Austin, Texas                   Re: Is the Austin State School Farm
                                    Colony a separate institution
                                    apart from the Austin State
Dear Mr. Giddings:                  School, and related questions.

　　　　We have received your two letters requesting opin-
ions pertaining to the State Farm Colony and the State Dairy
and Hog Farm, and we will answer both requests in this opinion.

　　　　You have requested our opinion as to the legal status
of the Austin State School Farm Colony and the State Dairy and
Hog Farm as being state institutions constituting a part of the
"Texas State Hospitals and Special Schools", specifically re-
questing the answers to several questions which will be set
forth and answered below:

　　　　In 1949 by ch. 157, Acts 51st Leg., p. 324 (codified
as Art. 3174a, Vernon's Civil Statutes) the Legislature enumer-
ated certain eleemosynary institutions of the State of Texas
and stated that thereafter such institutions should be known
and designated as the "Texas State Hospitals and Special Schools."
All of the eleemosynary institutions so enumerated were either
authorized by provisions of the Constitution of Texas, or were
created by statute enacted pursuant thereto, except the State
Dairy and Hog Farm and Austin State School Farm Colony.

　　　　The first statutory reference to the Austin State
School Farm Colony appears in Chapter 107, Acts 43rd Leg., R.S.
1933, at p. 242, which is the appropriation bill for eleemosy-
nary institutions. Under the section dealing with the Austin
State School, appears an appropriation of any unused balance
appropriated to the Austin State School for the year ending
August 31, 1933, which may be used by the Superintendent of the
Austin State School and the State Board of Control during the
year ending August 31, 1934 "for the purchase of equipment,
materials, supplies, necessary land and the construction of
suitable buildings and improvements in establishing and operat-
ing a ᶠarm colony for the feeble-minded to be under the man-
agement of the Austin State School and the Board of Control."
Chapter 10, Acts 43rd Leg., 3rd C.S. 1934, p. 16, Sec. 1, appro-
priated the sum of $65,000.00 to the Austin State School for a

"ward building and equipment to be constructed on the Feeble-Minded Farm Colony, including utility connections and maintenance and support."

The first mention of the State Dairy and Hog Farm appears in ch. 567, Acts 57th Leg., 1941, p. 943, making an appropriation for the "Austin State School Farm Colony" for the biennium ending August 31, 1943. Item 39 is an appropriation of $20,000.00 for the purpose of "moving, enlarging, improving and centralizing dairy and hog site."

You have advised that legislative appropriations have been made to the Austin State School Farm Colony and the State Dairy and Hog Farm by succeeding Legislatures and that since September 1, 1949, when the control and management of the Texas State Hospitals and Special Schools was transferred from the State Board of Control to the Board for Texas State Hospitals and Special Schools (Art. 3174b, V.C.S.), the Board for Texas State Hospitals and Special Schools has regularly employed a Superintendent and Business Manager for the Austin State Farm Colony who has signed accounts against the appropriated fund for that institution under the authority of Sec. 10, Art. 3174b, V.C.S.

The office of the State Auditor has questioned the validity of the appointment of the Superintendent of the Austin State School Farm Colony and the payment of his salary by the Board upon the grounds that neither the Austin State School Farm Colony nor the State Dairy and Hog Farm has any legal status as a State institution. It appears that the sole authority for the creation and maintenance of both the Austin State School Farm Colony and the State Dairy and Hog Farm is to be found in the items contained in the appropriation bills referred to above. It is a well recognized principle of law that general legislation enacted in a general appropriation bill by rider or otherwise does not have the force and effect of law and is a nullity. Article III, Section 35, Constitution of Texas; Moore v. Sheppard, 144 Tex. 537, 192 S.W.2d 559 (1946); Attorney General's Opinion No. V-1254, August 25, 1951; Attorney General's Opinion No. WW-96, April 16, 1957. Therefore there is no authority for the creation of the Austin State School Farm Colony or the State Dairy and Hog Farm as independent state institutions but, under the very language of each of the appropriation bills referred to above, each is a project or branch conducted as a part of the Austin State School under the supervision and control of the Superintendent and General Manager of the Austin State School, appointed by the Board for Texas State Hospitals and Special Schools.

You have requested that the following questions be answered:

"1. Is the Austin State School Farm Colony a separate institution apart from the Austin State School?

"2. Is the Board for Texas State Hospitals and Special Schools authorized to employ a superintendent and business manager at the Austin State School Farm Colony?"

In answer to your first question the Austin State School Farm Colony is not a separate institution apart from the Austin State School for the reasons stated above. Since the Austin State School Farm Colony is not a separate institution apart from the Austin State School, the Board for Texas State Hospitals and Special Schools is not authorized to employ a Superintendent and Business Manager for the Austin State School Farm Colony under the provisions of Section 10, Article 317⁴b, V.C.S., and Articles 3175-3178, inclusive, with the powers and duties set out therein, and the answer to your second question is "No".

In this connection the validity of all appropriations to the Austin State School Farm Colony and the State Dairy and Hog Farm prior to 1949 has been confirmed by Sec. 3 of Art. 317⁴a, V.C.S.

House Bill 133, Acts 55th Leg., 1957, ch. 385, p. 905, has appropriated $20,000.00 for the establishment of a Hog Farm Revolving Fund to be used in the operation of a Hog Farm at Leander, Texas, which farm is to be operated on a reimbursable basis to serve institutions under such rules and regulations as may be established by the Hospital Board, and which fund, together with all receipts deposited to its credit, may be used to pay salaries, purchase supplies and equipment, and pay such other expenses as may be necessary for the efficient operation of the Hog Farm. This appropriation is to the "Hospitals and Special Schools Central Office." You have requested our opinion as to whether the Central Office of the Board for Texas State Hospitals and Special Schools is the proper authority to expend the sum so appropriated.

In the appropriation of money the Legislature has the power to designate the amount of money to be appropriated, the purpose for which it is appropriated, and the proper authority to supervise its expenditure. The action of the Legislature in directing the "Central Office" of the Texas Board for State

Hospitals and Special Schools to expend the appropriations for the purposes mentioned is not general legislation but is a designation of the purpose for which the funds so appropriated are to be used and the method or means by which such moneys are to be expended.

It is the opinion of this office that the $20,000.00 appropriated to the establishment of a Hog Farm Revolving Fund to be used in the operation of a Hog Farm at Leander, Texas, has been appropriated to the Central Office of the Board for Texas State Hospitals and Special Schools and is to be expended by that branch for the purposes indicated in the appropriation bill.

## SUMMARY

Neither the Austin State School Farm Colony nor the State Dairy and Hog Farm are separate institutions as a part of the Texas State Hospitals and Special Schools, but are projects or branches of the Austin State School. The Board for Texas State Hospitals and Special Schools is not authorized to employ a Superintendent and Business Manager for the Austin State School Farm Colony under the provisions of Section 10, Article 3174b, V.A.C.S., and Articles 3175-3178, inclusive, with the powers and duties set out therein. The sum of $20,000.00 appropriated for the establishment of a Hog Farm Revolving Fund to be used in the operation of a Hog Farm at Leander, Texas, by House Bill 133, Acts 55th Leg., 1957, ch. 385, p. 905, is under the control of and to be expended by the Central Office of the Board for Texas State Hospitals and Special Schools.

Very truly yours,

WILL WILSON
Attorney General of Texas

By C. K. Richards
Assistant

CKR:wb

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
John Reeves
Jack Goodman

REVIEWED FOR THE ATTORNEY GENERAL

BY:      Beo. P. Blackburn